IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-41,168-09






EX PARTE CHARLES DEAN HOOD








ON APPLICATION FOR WRIT OF HABEAS CORPUS


IN CAUSE NO. W296-80233-90 IN THE


296TH DISTRICT COURT OF COLLIN COUNTY





 Per Curiam.


ORDER



 We have before us what purports to be a subsequent application for writ of habeas
corpus filed pursuant to Article 11.071 § 5. The basis for this filing is applicant's
assertion that he was denied a fair trial because of an alleged relationship between the
trial judge and the prosecutor.

 Applicant was convicted of the capital murder of Ronald Williamson and Tracie
Lynn Wallace. The jury answered the special issues in such a manner that a sentence of
death was imposed on September 7, 1990. This Court affirmed the conviction and
sentence on direct appeal. Hood v. State, No. AP-71,167 (Tex. Crim. App. November 24,
1993)(not designated for publication). Applicant's initial application for writ of habeas
corpus was denied. Ex parte Hood, No. WR-41,168-01 (Tex. Crim. App. April 21,
1999)(not designated for publication). Applicant filed a subsequent application in the
trial court on May 24, 2004. The subsequent application was dismissed. Ex parte Hood,
No. WR-41,168-02 (Tex. Crim. App. April 13, 2005)(not designated for publication). 
Applicant filed a second subsequent application on June 22, 2005. We remanded to the
convicting court for resolution of the claim. When the case was returned to this Court we
held that applicant had, in fact, not met the requirements of Article 11.071 § 5, for
consideration of subsequent claims and dismissed his application. Ex parte Hood, 211
S.W.3d 767 (Tex. Crim. App. 2007). 

 On April 16, 2008, the judge of the convicting court set applicant's execution date
for June 17, 2008. On June 12, 2008, applicant filed another subsequent application for
writ of habeas corpus and an original application for writ of habeas corpus. In the
applications, applicant asserted that he was denied a fair trial because of an alleged
relationship between the trial judge and the prosecutor that applicant claimed was
"common knowledge" at the time of trial. We dismissed the Article 11.071 application
and denied leave to file the original application. Ex parte Hood, Nos. WR-41,168-04 &
WR-41,168-05 (Tex. Crim. App. June 16, 2008)(not designated for publication). On June
17, 2008, this Court denied a second original application for writ of habeas corpus. Ex
parte Hood, No. WR-41,168-06 (Tex. Crim. App. June 17, 2008)(not designated for
publication). However, by the time all of the litigation was complete, applicant's warrant
of execution was close to expiring, and the Texas Department of Criminal Justice was
unable to complete its duties. Applicant's execution date was reset to September 10,
2008. 

 On August 19, 2008, applicant filed in the County Court at Law of Collin County,
pursuant to Texas Rule of Civil Procedure 202, a petition to take pre-suit investigatory
depositions regarding the alleged affair between the trial judge and the prosecutor in
applicant's case. On August 20, 2008, the County Court at Law, viewing the matter as
more akin to a writ for extraordinary relief in a felony case, or alternatively, as a petition
to gain information needed to file a federal lawsuit under 42 U.S.C. § 1983, ordered the
case transferred to district court. The district judge assigned to hear the civil case ordered
that, to any extent the petition for depositions is in fact a writ of habeas corpus, the matter
should be severed and a copy of the petition filed in the 296th District Court - the court in
which applicant was convicted. 

 Upon receipt of the "filing," the clerk of the 296th District Court dutifully labeled
the filing a subsequent writ application and forwarded it to this Court as required by
Article 11.071 § 5(b). To the extent this document can be considered a writ application, it
raises the exact claim previously raised in applicant's third subsequent writ application. 
Therefore, it does not meet the requirements of Article 11.071 § 5 for the consideration of
subsequent claims. To the extent the filing is not, and never was intended to be, a
subsequent writ application, it is not properly before this Court. Applicant's filing is
dismissed.

 IT IS SO ORDERED THIS THE 5TH DAY OF SEPTEMBER, 2008.

Do Not Publish